| | | |
|---|---|---|
| STATE OF SOUTH DAKOTA ) | | IN CIRCUIT COURT |
| )SS. | | |
| COUNTY OF PENNINGTON ) | | SEVENTH JUDICIAL CIRCUIT |

CODY BAKER, JAMES V. MCCOY, )    Civ. No. _____
DAVID D. RODD, ROBERT I. TOLAND, )
CURTIS W. ABY, SHANE ALEXANDER, )
SHAWN ALEXANDER, JEROME O. )
AUSTIN, JOHN L. BALE, JERRY )
BEDSAUL, JACK K. BEHRENS, TIM )
BELL, DEBORAH L. BENCH, ROGER W. )
BOURNE, RICHARD BRIGGS, ERIC )
BRUG, LEONARD BURTZLAFF, )
ANTHONY L. CALVETTI, DORIS J. )
CAMPBELL, PAUL CARROLL, MIKE )
CHAPELL, MIKE CHROBAK, TIM )
COOKSON, DONALD CRITES, DALE )
CUMMINGS, MICHAEL CZMOWSKI, )
DENNIS DAHLBERG II, GARETH DEAL, )
MIKE DENNY, BRICE DENTON, SCOTT )    SUMMONS
DIEGEL, JOHN D. DIEHL, R. DAVID )
DLUGOSINSKI, RICK DORER, DAVID )
DOTSON, RICHARD DOWDLE, JIM )
EHRMANTROUT, KURT FROELICH, )
GARY GALYEN, ROGER GREER, JONA )
HAGEN, SCOTT HAGEN, WAYNE )
HALVORSON, KENT L. HAMMILL, )
HARLAND HANSEN, PEGGY HANSON, )
THOMAS HATHAWAY, TERRY HAUF, )
RICHARD S. HEDGLIN, JAMES )
HENDERSON, CHARLES HOHN, KEN )
HOLMSTROM, MICHAEL )
HOLSWORTH, KEN HOWARD, KEVEN )
JOHNSON, THOMAS W. JONES, )
CLAYTON KELLY, MARLIN KELLY, )
DOUGLAS K. KEMP, DAVID )
KINDRALL, REX KING, ROGER )
KNOWLTON, KENNETH KOERLIN, )
MICHAEL KORKOW, STEVE KUHNEL, )
LLOYD LACROIX, KEVIN LAHREN, )
BEVERLY M. LARSEN, BRUCE )
LARSEN, KEN LARSON, MARK )
LAWLER, SCOTT LEZOTTE, BRYAN )
LUTZ, THOMAS J. LUXEM, LAUREN )
MALCOLM, DAVID A. MARTIN, WADE )

EXHIBIT A

| | |
|---|---|
| MAYER, GARRY MCGEE, DOUGLAS MCKAY, KEN MCKINSTRY, DOUGLAS MCLELLAN, CHAD MERCHEN, DAVID MERGEN, RONN MITCHELL, JAY MOHLER, SCOTT MULTZ, CHRIS K. NELSON, MARK NELSON, RONALD G. NESS, DAN L. NEWMAN, LARRY A. NIEDAN, DOUG OLSON, RICHARD ORTIZ, DAN OTT, JUD L. PARSONS, JOE PENTICOFF, TAL R. PETERSON, JEFF PINGREY, LARRY PRIVRATSKY, JAMES RAUCH, NICK REED, ESTES ROTHENBERGER, ALAN RUNDELL, TRAVIS SCHEETZ, TIM SEGER, RANDY SHEFFER, CASEY SHEPPERSON, CHAD SINGSAAS, JULIE SMITH, KENDRICK SMITH, STEVEN C. SMITH, DORSHAL STANLEY, WILLIAM STEEN, JEFF STICKLER, TIMOTHY N. STOVER, RYAN STRAND, DONALD STRITECKY, ALLAN T. TAIT, STANLEY C. THALACKER, DAVID THEUNISSEN, MIKE THEUNISSEN, GARTH VIRKULA, TERRY J. WEBER, RANDY WESTENDORF, ALLEN WIEDNER, JASON WINEGAR, and GUY YOUNG ET. AL., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs | ) |
| vs. | ) ) |
| MASCO BUILDER CABINET GROUP, INC. d/b/a MERILLAT INDUSTRIES, | ) ) ) |
| Defendant. | |

**THE STATE OF SOUTH DAKOTA SENDS GREETINGS TO THE DEFENDANT ABOVE-NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint of the Plaintiff, which Complaint is herewith served upon you, and to serve a copy of your Answer upon the undersigned at his law office in the City of Rapid City, Pennington County, South Dakota, within

thirty (30) days after the service of this Summons upon you, exclusive of the date of service; and if you fail to so answer as above required, Judgment by default may be rendered against you for the relief demanded in said Complaint.

Dated this 21st day of September, 2009.

WHITING HAGG HAGG
DORSEY & HAGG, LLP

By_____
Rexford A. Hagg / John Stanton Dorsey
Attorneys for Plaintiff
P.O. Box 8008
Rapid City, SD 57709
(605) 348-1125

| | | |
|---|---|---|
| STATE OF SOUTH DAKOTA )<br>)SS.<br>COUNTY OF PENNINGTON ) | | IN CIRCUIT COURT<br><br>SEVENTH JUDICIAL CIRCUIT |

| | | |
|---|---|---|
| CODY BAKER, JAMES V. MCCOY, DAVID D. RODD, ROBERT I. TOLAND, CURTIS W. ABY, SHANE ALEXANDER, SHAWN ALEXANDER, JEROME O. AUSTIN, JOHN L. BALE, JERRY BEDSAUL, JACK K. BEHRENS, TIM BELL, DEBORAH L. BENCH, ROGER W. BOURNE, RICHARD BRIGGS, ERIC BRUG, LEONARD BURTZLAFF, ANTHONY L. CALVETTI, DORIS J. CAMPBELL, PAUL CARROLL, MIKE CHAPELL, MIKE CHROBAK, TIM COOKSON, DONALD CRITES, DALE CUMMINGS, MICHAEL CZMOWSKI, DENNIS DAHLBERG II, GARETH DEAL, MIKE DENNY, BRICE DENTON, SCOTT DIEGEL, JOHN D. DIEHL, R. DAVID DLUGOSINSKI, RICK DORER, DAVID DOTSON, RICHARD DOWDLE, JIM EHRMANTROUT, KURT FROELICH, GARY GALYEN, ROGER GREER, JONA HAGEN, SCOTT HAGEN, WAYNE HALVORSON, KENT L. HAMMILL, HARLAND HANSEN, PEGGY HANSON, THOMAS HATHAWAY, TERRY HAUF, RICHARD S. HEDGLIN, JAMES HENDERSON, CHARLES HOHN, KEN HOLMSTROM, MICHAEL HOLSWORTH, KEN HOWARD, KEVEN JOHNSON, THOMAS W. JONES, CLAYTON KELLY, MARLIN KELLY, DOUGLAS K. KEMP, DAVID KINDRALL, REX KING, ROGER KNOWLTON, KENNETH KOERLIN, MICHAEL KORKOW, STEVE KUHNEL, LLOYD LACROIX, KEVIN LAHREN, BEVERLY M. LARSEN, BRUCE LARSEN, KEN LARSON, MARK LAWLER, SCOTT LEZOTTE, BRYAN LUTZ, THOMAS J. LUXEM, LAUREN MALCOLM, DAVID A. MARTIN, WADE | ))))))))))))))))))))))))))))))))))))))))))))))) | Civ. No. _____<br><br><br><br><br><br><br><br>COMPLAINT |

| | |
|---|---|
| MAYER, GARRY MCGEE, DOUGLAS MCKAY, KEN MCKINSTRY, DOUGLAS MCLELLAN, CHAD MERCHEN, DAVID MERGEN, RONN MITCHELL, JAY MOHLER, SCOTT MULTZ, CHRIS K. NELSON, MARK NELSON, RONALD G. NESS, DAN L. NEWMAN, LARRY A. NIEDAN, DOUG OLSON, RICHARD ORTIZ, DAN OTT, JUD L. PARSONS, JOE PENTICOFF, TAL R. PETERSON, JEFF PINGREY, LARRY PRIVRATSKY, JAMES RAUCH, NICK REED, ESTES ROTHENBERGER, ALAN RUNDELL, TRAVIS SCHEETZ, TIM SEGER, RANDY SHEFFER, CASEY SHEPPERSON, CHAD SINGSAAS, JULIE SMITH, KENDRICK SMITH, STEVEN C. SMITH, DORSHAL STANLEY, WILLIAM STEEN, JEFF STICKLER, TIMOTHY N. STOVER, RYAN STRAND, DONALD STRITECKY, ALLAN T. TAIT, STANLEY C. THALACKER, DAVID THEUNISSEN, MIKE THEUNISSEN, GARTH VIRKULA, TERRY J. WEBER, RANDY WESTENDORF, ALLEN WIEDNER, JASON WINEGAR, and GUY YOUNG ET. AL., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs | ) |
| vs. | ) ) |
| MASCO BUILDER CABINET GROUP, INC. d/b/a MERILLAT INDUSTRIES | ) ) |
| Defendant. | |

COME NOW the Plaintiffs, for themselves, and all other members of the class herein described for their cause of action against Defendant, states as follows:

1. Plaintiffs Cody Baker, James V. McCoy, David D. Rodd, Robert I. Toland, Curtis W. Aby, Shane Alexander, Shawn Alexander, Jerome O. Austin, John L. Bale, Jerry Bedsaul, Jack K. Behrens, Tim Bell, Deborah L. Bench, Roger W. Bourne, Richard Briggs, Eric Brug, Leonard Burtzlaff, Anthony L. Calvetti, Doris J. Campbell, Paul Carroll, Mike Chapell, Mike Chrobak, Tim Cookson, Donald Crites, Dale Cummings, Michael Czmowski, Dennis Dahlberg II, Gareth Deal,

Mike Denny, Brice Denton, Scott Diegel, John D. Diehl, R. David Dlugosinski, Rick Dorer, David Dotson, Richard Dowdle, Jim Ehrmantrout, Kurt Froelich, Gary Galyen, Roger Greer, Jona Hagen, Scott Hagen, Wayne Halvorson, Kent L. Hammill, Harland Hansen, Peggy Hanson, Thomas Hathaway, Terry Hauf, Richard S. Hedglin, James Henderson, Charles Hohn, Ken Holmstrom, Michael Holsworth, Ken Howard, Keven Johnson, Thomas W. Jones, Clayton Kelly, Marlin Kelly, Douglas K. Kemp, David Kindrall, Rex King, Roger Knowlton, Kenneth Koerlin, Michael Korkow, Steve Kuhnel, Lloyd LaCroix, Kevin Lahren, Beverly M. Larsen, Bruce Larsen, Ken Larson, Mark Lawler, Scott LeZotte, Bryan Lutz, Thomas J. Luxem, Lauren Malcolm, David A. Martin, Wade Mayer, Garry McGee, Douglas McKay, Ken McKinstry, Douglas McLellan, Chad Merchen, David Mergen, Ronn Mitchell, Jay Mohler, Scott Multz, Chris K. Nelson, Mark Nelson, Ronald G. Ness, Dan L. Newman, Larry A. Niedan, Doug Olson, Richard Ortiz, Dan Ott, Jud L. Parsons, Joe Penticoff, Tal R. Peterson, Jeff Pingrey, Larry Privratsky, James Rauch, Nick Reed, Estes Rothenberger, Alan Rundell, Travis Scheetz, Tim Seger, Randy Sheffer, Casey Shepperson, Chad Singsaas, Julie Smith, Kendrick Smith, Steven C. Smith, Dorshal Stanley, William Steen, Jeff Stickler, Timothy N. Stover, Ryan Strand, Donald Stritecky, Allan T. Tait, Stanley C. Thalacker, David Theunissen, Mike Theunissen, Garth Virkula, Terry J. Weber, Randy Westendorf, Allen Wiedner, Jason Winegar, and Guy Young are residents of Pennington County, South Dakota, and were at all times material hereto, employees of MASCO Builder Cabinet Group d/b/a Merillat Industries of Rapid City, Pennington County, South Dakota;

2. Defendant MASCO Builder Cabinet Group, Inc. is a corporation incorporated under the laws of Delaware, with its principal place of business in Adrian Michigan, that owned and operated a particle board plant known as Merillat Industries in Rapid City, Pennington County, South Dakota;

3. This action is brought by Plaintiffs as a class action on their own behalf and on behalf of all others similarly situated, under the provisions of SDCL § 15-6-23 for damages;

4. The class represented by Plaintiffs in this action, and of which Plaintiffs are members, consists of hourly and salaried employees of the Rapid City particle board plant, who in March of 2009, were offered severance pay, extended COBRA insurance coverage and other consideration by Defendant in exchange for remaining at the plant after announcement of closure to keep the plant operational until closing in September 2009;

5. The exact number of members of the class as herein described is not known, but estimated to be 157 persons. The class is so numerous that joinder of individual members herein is impracticable;

6. That the questions of law or fact to be resolved are common to the class, namely:

    a. All members were promised severance in exchange for continued service until plant closure;

    b. All hourly Members were offered one week of pay per years of service, minimum of two weeks, and a one time payment to help offset some of the COBRA premium costs;

    c. All salaried Members were offered two weeks of pay per years of service, minimum of two weeks, and a one time payment to help offset some of the COBRA premium costs;

    d. All Members relied upon the offer, accepted same and remained employed with Defendant until plant closure or the announcement of reneging on the severance payment;

7. That on or about March 19, 2009, Chad Miller, Director of Operations of Defendant, and Tom Sollars, Director of Labor Relations and Field Services for Defendant, announced plant closure and offered an incentive to remain with Defendant Company until the official date of closing in September 2009. Mr. Sollars issued a memorandum that states in part, "...It has also been rumored that the Company will renege on the severance that has been announced. This is to inform you that this will absolutely not happen. We will pay severance as we have in all other plant closures in accordance with what has already been announced. If employees remain until released, they will receive the following: 1) one week of pay per years of service, minimum two weeks, and 2) a one time payment to help offset some of the Cobra premium costs...". (Emphasis added.) See attached Exhibit 1;

8. That in reliance upon said promise of severance pay, Plaintiffs accepted the offer by remaining with the Defendant, and foregoing other employment opportunities and searches;

9. That Plaintiffs performed and executed the contract;

10. That on or about August 11, 2009, Defendant announced to its remaining employees that it was reneging on the severance promised on March 19, 2009, and would not be paying the previously stated amount;

11. Defendant has breached its contract with Plaintiffs;

12. That because of breach by Defendant, Plaintiffs have sustained damages;

13. Defendant's breach of contract is a breach of obligation to pay wages;

14. Defendant is a private employer;

15. Defendant's breach of its promise to pay severance wages was oppressive and/or malicious;

16. This action is properly maintained as a class action in that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class or adjudication with respect to individual members of the class would be dispositive of the interests of the other members not parties to this case;

17. The claims and defenses are typical of the other members of the class;

18. A class action is superior to other available methods for the fair and efficient adjudication of the controversy;

19. The named Plaintiffs are representative parties for the class and are able to and will fairly and adequately protect the interests of the class. The attorneys for Plaintiffs are experienced and capable in the field of wage and hour law and trial litigation and have successfully represented Plaintiffs in other litigation of this nature.

20. That the suit is not against this state for the recovery of a tax imposed by chapter 10-39, 10-39A, 10-40, 10-41, 10-43, 10-44, 10-45, 10-46, 10-46A, 10-46B, or 10-52;

WHEREFORE, Plaintiffs prays for Judgment against Defendant as follows:

1. That Defendant be found liable for payment of severance pay to Plaintiffs promised with interest thereon as designated in Exhibit 1;

2. That the Court or jury double the measure of damages for the amount of wage liable pursuant to SDCL § 60-11-07;

3. For costs and disbursements herein;

4. For further and additional relief as may be deemed appropriate by the Court and jury.

s/

Dated this 21 day of September, 2009.

WHITING HAGG HAGG
DORSEY & HAGG, LLP

By_____
Rexford A. Hagg / John Stanton Dorsey
Attorneys for Plaintiffs
P.O. Box 8008
Rapid City, SD 57709
(605) 348-1125

## DEMAND FOR JURY TRIAL

Plaintiffs hereby respectfully demands a trial by jury on any and all issues triable of right by a duly impaneled Pennington County jury. This demand is made pursuant to SDCL §15-6-38(b).

Dated this 21 day of September, 2009.

                              WHITING HAGG HAGG
                              DORSEY & HAGG, LLP

By_____
    Rexford A. Hagg / John Stanton Dorsey
    Attorneys for Plaintiff
    P.O. Box 8008
    Rapid City, SD 57709
    (605) 348-1125

Corporate Human Resources

# MASCO
BuilderCabinetGroup

To:        Rapid City Hourly Employees
From:      Tom Sollars, Director of Labor Relations and Field Services
Date:      March 19, 2009
Subject:   Plant Closing/Severance

Since the announcement last week of the forthcoming closure of the Rapid City Particleboard Plant, a couple of issues have come to our attention. The first issue was a misquote in the Rapid City Journal that stated the Company intended to give employees severance that would be equal to one months salary for every year worked. In actuality, as stated in the employee meetings severance is to be one week of base pay for every year worked with a minimum of two weeks. This is consistent with all other plant closures BCG has had to execute in recent years.

It has also been rumored that the Company will renege on the severance that has been announced. This is to inform you that this will absolutely not happen. We will pay severance as we have in all other plant closures in accordance with what has already been announced. If employees remain until released, they will receive the following: 1) one week of pay per years of service, minimum two weeks, and 2) a one time payment to help offset some of the Cobra premium costs.

As we get closer to the date of closing, we will meet with you again to answer questions you may have at that time.

Thanks,
Tom

