UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| CODY BAKER, ET AL., | ) | CIV. 09-5085-JLV |
| | ) | |
| Plaintiffs, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | DEFENDANT'S MOTION TO |
| | ) | DISMISS |
| MASCO BUILDER CABINET | ) | |
| GROUP, d/b/a MERILLAT | ) | |
| INDUSTRIES, | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

This matter is before the court pursuant to defendant's motion to dismiss, under Fed. R. Civ. P. 12(b)(6), the amended complaint filed by plaintiffs. (Docket 7). Plaintiffs resist defendant's motion. (Docket 9). This matter is ripe for adjudication.

## FACTS[1]

In reviewing defendant's Rule 12(b)(6) motion, the court accepts as true all of the factual allegations contained in plaintiffs' amended complaint and grants all reasonable inferences in favor of the plaintiffs as the nonmoving party. Crooks v. Lynch, 557 F.3d 846, 848 (8th Cir. 2009) (citing Stufflebeam v. Harris, 521 F.3d 884, 886 (8th Cir. 2008)).

---

[1]The court notes that it is not required to state findings of fact or conclusions of law when ruling on a Rule 12(b)(6) motion. Fed. R. Civ. P. 52(a)(3). However, in fairness to the parties, the court shall set forth its reasons for denying defendant's motion.

On or about September 21, 2009, plaintiffs filed a class-action complaint against Masco Builder Cabinet Group, d/b/a Merillat Industries, in the circuit court of the Seventh Judicial Circuit for South Dakota. (Docket 1, Exhibit A). On or about October 1, 2009, plaintiffs filed an amended complaint in the circuit court. (Docket 1, Exhibit B). On October 14, 2009, defendant filed a notice of removal, pursuant to 28 U.S.C. §§ 1441 and 1446, in federal court and provided notice of the removal to the plaintiffs and the circuit court. (Dockets 1 & 2). The basis for removal is diversity jurisdiction as defined in 28 U.S.C. § 1332(a). (Docket 1).

The class represented by the named plaintiffs in this case consists of approximately 157[2] hourly and salaried employees of the defendant's particle board manufacturing plant located in Rapid City, South Dakota. (Docket 1, Exhibit B at ¶¶ 4, 5). On or about March 19, 2009, defendant, by and through its Director of Operations and Director of Labor Relations and Field Services, announced the closure of the Rapid City plant and offered an incentive to the employees to continue working until the official closing date sometime in September of 2009. Id. at ¶ 7. Tom Sollers, Director of Labor Relations and Field Services, issued a memorandum that stated, in part, as follows:

> . . . It has also been rumored that the Company will renege on the severance that has been announced. This is to inform you that this will absolutely not happen. We will pay severance as we have in all other plant closures in accordance with what has already been announced. If employees remain until released, they will receive the

---

[2]The exact number of the members of the class is unknown. (Docket 1, Exhibit B at ¶ 5).

> following: 1) one week of pay per years of service, minimum two weeks, and 2) a one time payment to help offset some of the Cobra premium costs . . . .

Id. (emphasis in original not included).

Plaintiffs remained working at the plant, accepting reduced hours and forgoing other employment opportunities. Id. at ¶ 8. On or about August 11, 2009, defendant announced that it would not pay severance to its remaining employees. Id. at ¶ 10. Plaintiffs remained at the plant until the plant closed. Id. at ¶ 9. Plaintiffs brought suit for breach of contract. Id. at ¶¶ 11, 13. Plaintiffs allege that because of the breach, they have sustained damages. Id. at ¶ 12. Plaintiff further allege that "[d]efendant's breach of its promise to pay severance wages was oppressive and/or malicious." Id. at ¶ 15. Plaintiffs seek a judgment against defendant for severance pay with interest plus double the amount of wages due pursuant to SDCL § 60-11-07.

## DISCUSSION

Defendant moves the court to dismiss plaintiffs' amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Docket 7). Rule 12(b)(6) provides for the dismissal of a complaint if the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Defendant argues that plaintiffs' amended complaint "is utterly devoid of any factual allegations which would 'permit the [c]ourt to infer more than the mere possibility of misconduct.' " (Docket 8 at p. 2) (citation and internal quotation marks omitted). Defendant argues that plaintiffs' amended complaint "does nothing more than state the

3

bare elements of their claim(s)" and is "insufficient to meet the federal pleading requirements." Id. at p. 4.

Under Fed. R. Civ. P. 8(a)(2), a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this Rule is to give the defendant fair notice of plaintiff's claims and the grounds upon which those claims rest. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Id. (citations omitted). Plaintiffs must allege enough facts to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level[.]" Id. at 555, 570 (citations omitted). However, a well-pleaded complaint may proceed even if "actual proof of those facts is improbable" and "recovery is very remote and unlikely." Id. at 556 (citation and internal quotation marks omitted). The "plausibility standard" at the pleading stage requires a showing greater than the mere possibility of misconduct yet less than the probability of misconduct.[3] Id. at 556, 557-58.

---

[3] Twombly involved an antitrust suit brought under section 1 of the Sherman Act. The United States Supreme Court in Ashcroft v. Iqbal, __U.S.__, 129 S. Ct. 1937 (2009) held that the "plausibility standard" set forth in Twombly applied to all civil cases. Id. at 1953.

4

The Court in <u>Ashcroft v. Iqbal</u>, __U.S.__, 129 S. Ct. 1937 (2009) recently expounded on the "plausibility standard" articulated in <u>Twombly</u>:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"
>
> . . . [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions . . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

<u>Id.</u> at 1949-50 (internal citations omitted).

In applying the law articulated in <u>Twombly</u> and <u>Iqbal</u>, the court finds that plaintiffs have satisfied the federal pleading requirements. Plaintiffs have alleged enough facts to state plausible claims for breach of contract and double damages.

Under South Dakota law, "[a] contract is an agreement to do or not to do a certain thing." Gul v. Center for Family Medicine, 762 N.W.2d 629, 633 (S.D. 2009) (quoting SDCL § 53-1-1). The elements of a breach of contract claim are: (1) an enforceable promise; (2) a breach of the promise; and (3) resulting damages. Id. (citing Guthmiller v. Deloitte & Touche, LLP, 699 N.W.2d 493, 498 (S.D. 2005)). Plaintiffs have alleged enough facts to allow the court to reasonably infer that plaintiffs' breach of contract claim is plausible. Plaintiffs have alleged sufficient facts to give rise to the reasonable inference that defendant promised to pay severance wages in exchange for plaintiffs' continued work at the plant, that defendant breached this promise by refusing to pay severance wages, and that plaintiffs incurred damages as a result of the breach. Plaintiffs' amended complaint did not merely offer "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[,]" see Aschroft, 129 S. Ct. 1949, but rather provided concrete facts to support a claim for breach of contract.

The same is true for plaintiffs' claim for double damages under SDCL § 60-11-7, which provides that "[i]n any action for the breach of an obligation to pay wages, if a private employer has been oppressive, fraudulent, or malicious, in the employer's refusal to pay wages due to the employee, the measure of damages is double the amount of wages for which the employer is liable." SDCL § 60-11-7. Plaintiffs have alleged enough facts to show that it is plausible that defendant, a private employer, promised to pay severance wages to employees who remained working at the plant, represented that it absolutely

would not renege on the promise, and then reneged after plaintiffs relied on the promise.  Plaintiffs are not required to show that defendant is probably liable for breach of contract and double damages–all that is required is a showing that it is plausible that defendant acted unlawfully.  The court finds that plaintiffs have satisfied the purpose of the pleading requirement of Rule 8 by providing enough facts to put defendant on notice of plaintiffs' claims for breach of contract and double damages.

In accordance with the above discussion, it is hereby

ORDERED that defendant's motion to dismiss (Docket 7) is denied. Defendant shall file an answer to plaintiffs' amended complaint within twenty (20) days of the date of service of this order.

Dated November 25, 2009.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE