UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| CODY BAKER, ET AL., | ) | CIV. 09-5085-JLV |
|---|---|---|
| Plaintiffs, | ) ) | ORDER GRANTING IN PART |
| vs. | ) ) ) | AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL |
| MASCO BUILDER CABINET GROUP, INC., d/b/a MERILLAT INDUSTRIES, | ) ) ) ) | |
| Defendant. | ) ) | |

## INTRODUCTION

This matter is before the court pursuant to defendant's motion to compel plaintiffs to respond to two interrogatories and one request for production of documents. (Docket 44). Plaintiffs resist responding to these discovery requests. (Docket 48). This matter has been fully briefed and is ripe for adjudication.

## PROCEDURAL HISTORY

The court limits its recitation to the procedural history necessary to resolve defendant's motion to compel. The court incorporates by reference the more detailed recitation set forth in its previous order in this case. (Docket 40).

On December 21, 2009, plaintiffs filed a motion for class certification pursuant to Fed. R. Civ. P. 23. (Docket 18). In response, defendant filed a motion for pre-certification discovery, which plaintiffs opposed. (Dockets 22 & 25). Defendant sought to conduct discovery, including written discovery and

depositions, before filing its response to plaintiffs' motion for class certification. (Docket 22).

On March 12, 2010, the court entered an order allowing the parties 45 days to conduct discovery. (Docket 40 at p. 12). The court limited the scope of discovery to class certification issues only. Id. Subsequently, the parties disagreed as to the extent of the discovery allowed by the court. After making a good-faith attempt to resolve this dispute before seeking the court's intervention, see Docket 46, defendant filed the instant motion to compel.

## DISCUSSION

Defendant seeks to compel plaintiffs' full and complete responses to Interrogatory Nos. 4 and 6 and Request for Production No. 19. The court notes the burden is on defendant, as the party seeking discovery, to make a threshold showing of relevance before plaintiffs "are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). Plaintiffs, as the party resisting production of discovery, bear the burden of establishing lack of relevancy. St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp., 198 F.R.D. 508, 511 (N.D. Iowa 2000). The court shall consider each discovery request in turn.

**A.    Interrogatory Nos. 4 and 6**

Defendant's Interrogatory No. 4, as set forth in its First Set of Interrogatories, requests the following information:

> Separately identify every source of income you have had since January 1, 2008, and for each source of income identified, state the

amount you received and the reason for payment (e.g., wages, consultant's fees, sales, profits, workers' compensation benefits, disability benefits, unemployment benefits, government entitlements, etc.), and identify all documents that refer or relate to the source of income.

(Docket 45, Exhibit A, pp. 2-3). Defendant's Interrogatory No. 6, as set forth in its First Set of Interrogatories, requests the following information:

> Identify every prospective employer or placement agency with whom you have sought employment since January 1, 2008, and for each please state:
> (a) the date of all applications or inquiries;
> (b) the positions applied for and the salary or hourly wage;
> (c) the date of all interviews;
> (d) the person(s) present at the interview;
> (e) whether you were offered the position, and, if you were not offered the position, the reasons given as to why you were not offered the position; and
> (f) the identity of all documents that relate to such contacts.

Id. at p. 3.

Plaintiffs objected to both interrogatories on the basis the information sought was irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Id.

Defendant then narrowed the scope of the requests to the time period of March 2009 to the present.[1] (Docket 45 at pp. 3-4). Plaintiffs maintained their objections. Id. at p. 3.

---

[1] E-mails exchanged between counsel indicated defendant limited the scope of Interrogatory Nos. 4 and 6 from March 9, *2010*, to the present. (Docket 45, Exhibit E at pp. 2-3). The court believes this is likely an error. It is more logical for the defendant to seek discovery from March 2009 to the present because allegedly it was in March 2009 that defendant announced the closure of the Rapid City plant and offered an incentive to employees to continue working until the official date of closing. (Docket 1, Exhibit B at ¶ 7).

The court finds the information requested by defendant is relevant to the class certification issue, particularly to defendant's affirmative defenses of mitigation and lack of consideration. The court has already held such discovery to be appropriate. (Docket 40 at p. 11). Plaintiffs argue the information sought is irrelevant because defendant's affirmative defenses "are without legal merit or basis" and are "simply wordplay to confuse the real issue." (Docket 48 at p. 18). These challenges speak to the *merits* of defendant's affirmative defenses. The court has already held it improper to analyze the merits of the case when determining the appropriateness of class certification. (Docket 40 at pp. 8-10). The intent at this point is to determine whether the prerequisites of Rule 23 are satisfied and whether class certification is appropriate, not whether the parties' claims have merit.

In their responsive brief, plaintiffs argue for the first time that producing the requested discovery "would be a needless and expensive exercise and burden[.]" (Docket 48 at p. 17). The court notes responding to any discovery request is often a burdensome, albeit necessary, process. Plaintiffs, however, have not shown how responding to the discovery requests would be *unduly* burdensome as contemplated by Fed. R. Civ. P. 26(b)(2)(C)(iii).[2] The court notes the burden is on plaintiffs, as the party opposing discovery, to establish that

---

[2]Rule 26(b)(2)(C)(iii) allows the court to limit the frequency or extent of discovery if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

4

complying with the discovery request would be *unduly* burdensome. Scofield v. Fishback Financial Corp., No. CIV. 08-4054, 2010 WL 2671296 at *5 (D.S.D. July 2, 2010) (slip copy); see also Hautala v. Progressive Direct Ins. Co., No. CIV. 08-5003-JLV, 2010 WL 1812555 at *14 (D.S.D. May 3, 2010) (slip copy) ("Because the interrogatories themselves are relevant, the fact that answers to them will be burdensome and expensive is not in itself a reason for refusing to order discovery which is otherwise appropriate.") (citation and internal quotation marks omitted). It is not enough for plaintiffs to merely state an objection to a discovery request, rather plaintiffs must show specifically how each discovery request is overly broad, burdensome, oppressive, or irrelevant. St. Paul Reinsurance Co., Ltd., 198 F.R.D. at 511; see also Wagner v. Dryvit Systems, Inc., 208 F.R.D. 606, 610 (D. Neb. 2001) ("It is not sufficient to simply state that the discovery is overly broad and burdensome, nor is a claim that answering the discovery will require the objecting party to expend considerable time and effort analyzing 'huge volumes of documents and information' a sufficient basis for sustaining the objection.") (citation omitted). To pose a proper objection to a discovery request on the basis of undue burden, plaintiffs must submit "affidavits or offer[ ] evidence revealing the nature of the burden and why the discovery is objectionable." Wagner, 208 F.R.D. at 610. Plaintiffs failed to meet their burden in this respect. Accordingly, defendant's request for plaintiffs' full and complete answers to Interrogatory Nos. 4 and 6, which shall be limited in scope from March 2009 to the present, is granted.

## B.    Request for Production No. 19

Defendant's Request for Production No. 19, as set forth in its First Set of Requests for Production of Documents, requests the following information:

> All documents evidencing the agreement between you and your lawyer for payment of your lawyer's fees, costs and disbursements in connection with this Action.

(Docket 45, Exhibit B at p. 6).  Defendant seeks discovery of plaintiffs' fee and retention agreements with their counsel, notes and minutes from a September 26, 2009, meeting between plaintiffs and the firm of Whiting Hagg Hagg Dorsey & Hagg, LLP, and the sign-up sheet or list circulated prior to the meeting. Plaintiffs initially objected to this request on the basis of attorney-client privilege.  Id.  However, in their response to the instant motion to compel, plaintiffs make no mention of this objection nor advance any argument in support thereof.  (Docket 48).  Thus, the court declines to consider the issue of attorney-client privilege.  In their responsive brief, plaintiffs argue only that this information is irrelevant because "[t]he appropriate time for inquiry into fee arrangements is after judgment under Rule 69 of the Federal Rule[s] of Civil Procedure."  Id. at p. 21.  Plaintiffs are correct that information regarding fee arrangements generally is irrelevant to the class certification issue.  Piazza v. First American Title Ins. Co., No. 3:06CV765AWT, 2007 WL 4287469 at *1 (D. Conn. Dec. 5, 2007) (listing cases); In re McDonnell Douglas Corp. Securities Litigation, 92 F.R.D. 761, 763 (D. Mo. 1981) (same); Sanderson v. Winner, 507 F.2d 477, 480 (10th Cir. 1974) (noting inquiry into fee arrangements and assets of class action plaintiffs was appropriate once

judgment was obtained under Rule 69); see also 7 A. Conte and H. Newberg, Newberg on Class Actions, § 22:79 (4th ed. 2005) ("Defendants often request discovery regarding fee arrangements between the plaintiffs and their counsel, but courts usually find such discovery to be irrelevant to the issue of certification.").

In limited circumstances, courts have permitted the discovery of fee arrangements as evidence of the ability of class counsel and plaintiffs to maintain the class action and cover all associated costs. Mitchell-Tracey v. United General Title Ins. Co., No. Civ. AMD-05-1428, 2006 WL 149105 at *1 (D. Md. Jan. 9, 2006) (listing cases); see also Manual for Complex Litigation § 21.141 (4th ed. 2004) ("Precertification inquiries into the named parties' finances or the financial arrangements between the class representatives and their counsel are rarely appropriate, except to obtain information necessary to determine whether the parties and their counsel have the resources to represent the class adequately."). Courts have also allowed defendants to inquire into alleged misconduct of plaintiffs' counsel because such misconduct may result in the denial of class certification. In re Mid-Atlantic Toyota Antitrust Litigation, 93 F.R.D. 485, 488 (D. Md. 1982) (listing cases). Here, defendant does not challenge the financial ability of plaintiffs or their counsel to maintain the suit or adequately represent the class. Rather, defendant alleges plaintiffs' counsel held the September 26, 2009, meeting in an attempt to solicit plaintiffs for the lawsuit. (Docket 45 at p. 9). Defendant bases its claim on testimony provided by plaintiff Julie Smith during her deposition. Id.

7

Ms. Smith testified as follows: she had signed a list about a group meeting prior to retaining the firm of Whiting Hagg Hagg Dorsey & Hagg, LLP; she believed the list contained the names of individuals interested in joining the class action lawsuit; the list did not describe precisely what she was signing up for; the list mentioned the firm; she had not yet retained the firm at the time she attended the meeting; she had not met any attorney from the firm before attending the meeting; and Rex Hagg, an attorney at the firm and current counsel of record for plaintiffs, was at the meeting. (Docket 45, Exhibit F at pp. 190-198).

Plaintiffs indicate the list at issue was a retainer agreement signed by a number of individuals who elected to join others who had already executed separate retainers. (Docket 48 at p. 23). Plaintiffs also state only those individuals who had signed a retainer agreement were allowed to attend the meeting. Id. Ms. Smith's errata sheet indicates she corrected her deposition testimony to reflect the list was a retainer agreement and she signed the retainer agreement prior to attending the meeting. (Docket 48, Exhibit B at p. 52).

The court finds it prudent to require *in camera* disclosure of the fee agreements and list circulated prior to the September 26, 2009, meeting. The changes in Ms. Smith's deposition testimony raise a question as to whether she understood the list she signed was a retainer agreement. The deposition testimony of other plaintiffs also raise a similar question. For example, plaintiff Roger Greer testified he signed the list, but did not recall what it said.

8

(Docket 45, Exhibit H at pp. 86-87). Plaintiff Garry McGee testified he did not sign the list nor any formal retention agreement, yet he understood the firm represented him in this action. (Docket 45, Exhibit I at pp. 62-65). Given these ambiguities, the court will examine *in camera* the documents responsive to Request for Production No. 19 to determine whether defendant has the right to inquire if plaintiffs' counsel solicited clients for this suit. See Stavrides v. Mellon Nat. Bank & Trust Co., 60 F.R.D. 634, 637-38 (W.D. Pa. 1973) (ordering plaintiff to answer questions posed by defense counsel regarding the alleged solicitation of plaintiff for a class action lawsuit). Accordingly, the court requires plaintiffs to disclose to the court their fee agreements and the list circulated prior to the September 26, 2009, meeting.

At this point, the court declines to order disclosure of the notes and minutes from the meeting. If all of the individuals who attended the meeting were retained clients of the firm, the meeting would likely constitute privileged attorney-client communications. Upon receiving the list and fee agreements, if the court is not satisfied that only retained clients attended the meeting, it may review *in camera* the notes and minutes of the meeting.

## CONCLUSION

In accordance with the above discussion, it is hereby

ORDERED that defendant's motion to compel (Docket 44) is granted in part and denied in part. Plaintiffs shall provide full and complete answers to defendant's Interrogatory Nos. 4 and 6, which are limited in scope from March 2009 to the present. Plaintiffs shall disclose this information to defendant

9

within twenty-one (21) days of this order. Plaintiffs shall provide the fee agreements and list described in Request for Production No. 19 to the court for *in camera* review within seven (7) days of this order. Defendant's request to re-depose plaintiffs is denied as the court finds such efforts unnecessary. Defendant's request for an award of its costs and attorneys' fees in bringing this motion is denied.

IT IS FURTHER ORDERED that, within seven (7) days of the close of discovery, defendant shall file its response to plaintiffs' motion (Docket 18) for class certification.

IT IS FURTHER ORDERED that plaintiffs may file a reply brief within fourteen (14) days of receipt of defendant's response.

Dated September 27, 2010.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE