UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| CODY BAKER, ET AL., | ) | CIV. 09-5085-JLV |
| | ) | |
| Plaintiffs, | ) | ORDER DENYING |
| | ) | PLAINTIFFS' MOTION FOR |
| vs. | ) | CLASS CERTIFICATION |
| | ) | |
| MASCO BUILDER CABINET | ) | |
| GROUP, INC., d/b/a MERILLAT | ) | |
| INDUSTRIES, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

Pending before the court is a motion for class certification filed by 146 named plaintiffs. (Docket 18). Defendant Masco Builder Cabinet Group, Inc., doing business as Merillat Industries, resists the motion. (Docket 66). Plaintiffs' motion has been fully briefed and is ripe for adjudication. For the reasons set forth below, the court denies the motion.

**FACTS AND PROCEDURAL HISTORY**

A brief summary of plaintiffs' allegations and the procedural history of this suit is helpful to provide context to plaintiffs' motion. On or about September 21, 2009, plaintiffs filed a class action complaint against defendant in the Seventh Judicial Circuit Court, Pennington County, South Dakota. (Docket 1, Exhibit A). On or about October 1, 2009, plaintiffs filed an amended complaint in the circuit court. (Docket 1, Exhibit B). On October 14, 2009, defendant filed in federal court a notice of removal pursuant to 28 U.S.C.

§§ 1441 and 1446 and provided notice of removal to plaintiffs and the circuit court. (Dockets 1 & 2). The basis for removal is diversity jurisdiction as defined in 28 U.S.C. § 1332(a). (Docket 1). The 146 named plaintiffs[1] allegedly represent a class consisting of approximately 157 hourly and salaried employees of defendant's particle board manufacturing plant located in Rapid City, South Dakota. (Docket 1, Exhibit B at ¶¶ 4, 5).

On March 9, 2009, defendant, through its Director of Operations and Director of Labor Relations and Field Services, announced the closure of the Rapid City plant and allegedly offered an incentive to employees to continue working until the official closing date sometime in September of 2009. (Docket 48-1, Exhibit 2). On March 19, 2009, Tom Sollers, Director of Labor Relations and Field Services, issued a memorandum that stated, in part, as follows:

> It has also been rumored that the Company will renege on the severance that has been announced. This is to inform you that this will absolutely not happen. We will pay severance as we have in all other plant closures in accordance with what has already been announced. If employees remain until released, they will receive the following: 1) one week of pay per years of service, minimum two weeks, and 2) a one time payment to help offset some of the Cobra premium costs.

(Docket 48-1, Exhibit 12).

Plaintiffs allegedly continued working at the plant, accepting reduced hours and forgoing other employment opportunities. (Docket 1, Exhibit B at

---

[1]The amended complaint and plaintiff's motion for class certification named 147 plaintiffs. (Docket 1, Exhibit B; Dockets 18 & 19). On November 8, 2010, upon motion of the parties, the court dismissed plaintiff Julie Smith's claims against defendant with prejudice. (Docket 63). The remaining named plaintiffs number 146 individuals.

¶ 8). On or about August 11, 2009, defendant allegedly announced it would not pay severance to its remaining employees. Id. at ¶ 10. Plaintiffs allegedly remained at the plant until the plant closed. Id. at ¶ 9. Plaintiffs brought suit for breach of contract. Id. at ¶¶ 11, 13. Plaintiffs allege they sustained damages because of the breach. Id. at ¶ 12. Plaintiffs further allege "[d]efendant's breach of its promise to pay severance wages was oppressive and/or malicious." Id. at ¶ 15. Plaintiffs seek a judgment for severance pay with interest plus double the amount of wages due pursuant to SDCL § 60-11-07. Id. at p. 5.

On December 21, 2009, plaintiffs filed a motion for class certification pursuant to Fed. R. Civ. P. 23. (Docket 18). The 146 named plaintiffs seek to be certified as representatives of a class comprised of 157 individuals. (Dockets 19 & 72). The court stayed the briefing schedule to allow the parties time to conduct discovery limited solely to class certification issues. (Dockets 21, 40, 47, 50, & 60). On November 16, 2010, upon completion of pre-certification discovery, defendant filed its opposition to plaintiffs' motion, arguing plaintiffs failed to satisfy the requirements for class certification. (Docket 66).

## DISCUSSION

Fed. R. Civ. P. 23 governs the orderly administration of class actions and, relevant to this discussion, establishes the requirements for class certification. In a class action, "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members[.]" Fed. R. Civ. P.

23(a).  A court may certify a class action only if *all* of the following requirements are met:

    (1)    the class is so numerous that joinder of all members is impracticable;

    (2)    there are questions of law or fact common to the class;

    (3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

    (4)    the representative parties will fairly and adequately protect the interests of the class.

Id.  In addition, to maintain a class action, the court must find the putative class falls into one of three types of class actions identified in Rule 23(b).  The most common and the type relevant here is a class action in which "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  "When determining whether to grant class certification, the question is not whether the plaintiffs will ultimately prevail on the merits, but whether the plaintiffs have met the requirements of Rule 23[]."  Perez-Benites v. Candy, Brand, LLC, 267 F.R.D. 242, 246 (W.D. Ark. 2010) (citing Eisen v. Carlisle and Jacquelin, 417 U.S. 156, 178 (1974)).

    Here, plaintiffs, as the party seeking class certification, bear the burden of demonstrating all prerequisites of Rule 23 are met.  Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997).  The court must conduct a "rigorous

analysis" to determine if plaintiffs satisfy the requirements for class certification. Perez-Benites, 267 F.R.D. at 246. The district court has broad discretion to decide whether certification is appropriate, and its decision will be reversed only for abuse of discretion. Rattray v. Woodbury County, IA, 614 F.3d 831, 835 (8th Cir. 2010).

The court finds plaintiffs cannot satisfy Rule 23(a)(1)–the requirement of numerosity. "The numerosity requirement requires an inquiry into whether the class is so numerous that joinder of all members is impracticable." Belles v. Schweiker, 720 F.2d 509, 515 (8th Cir. 1983). Impracticable does not mean impossible, however, and plaintiffs need only demonstrate joining all class members would be difficult. Harris v. D. Scott Carruthers & Assoc., 270 F.R.D. 446, 450 (D. Neb. 2010); see also Perez-Benites, 267 F.R.D. at 247 (noting the class representatives need only show that joinder of all the members of the class would be "extremely difficult or inconvenient"). The court should consider all the circumstances of the case when determining whether joinder is impracticable. Boyd v. Ozark Air Lines, Inc., 568 F.2d 50, 55 (8th Cir. 1977). Although no particular set of factors govern this determination, some courts consider the size of the class, the nature of the action, the size of the individual claims, the location of the members of the class, whether the size and members of the class are known, and the inconvenience of trying individual suits. 7A Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and

Procedure § 1762 at pp. 171-214 (3d ed. 2005).  Further, although size of the class is a factor, it is not dispositive and varies with other factors such as whether the members of the class are geographically dispersed or are unknown.  Id. at pp. 188-208; see also Foster v. City of Oakland, 2009 WL 88433 at *3 (N.D. Cal. Jan. 13, 2009).  "No rigid rule of thumb has been developed in [this circuit] as to how many potential class members is sufficient to satisfy the numerosity requirement."  Sanft v. Winnebago Industries, Inc., 214 F.R.D. 514, 521 (N.D. Iowa 2003) (collecting cases).

The procedural posture of this case is unique in that, of the 157 potential members of the class, 146 have already been joined as parties to this suit.  In their motion and initial brief, plaintiffs argued, because the exact size of the class was unknown, "[r]epeatedly amending the Plaintiffs' Complaint throughout the litigation process to add additional employees would be impracticable, costly and an unnecessary burden on the Court."  (Docket 19 at p. 5).  However, since the filing of plaintiffs' motion, considerable discovery occurred, and it appears a class size of 157 individuals is an accurate estimate.  The class size is known.  Importantly, the identify of all potential class members also is known.  Consequently, repeated amendments to the complaint are unlikely as only 11 individuals, all of whom are known, remain to be joined in the suit.  Further, "[t]he nature of the alleged offense distinguishes it from the sort of situation in which an individual may not know that his rights have

6

potentially been violated." Foster, 2009 WL 88433 at *3. These factors weigh against class certification.

In their reply brief, plaintiffs argue joinder of the remaining 11 individuals is impracticable because the individual claims are not significant, one individual, Robert A. Wager, left the area, and defendant intends to move for severance of the claims. (Docket 72 at pp. 15-17). Plaintiffs also ask the court to consider the impact on attorneys' fees if the class is not certified. Id. at p. 17.

The court finds these factors do not render impracticable joinder of the remaining 11 individuals. Mr. Wager lives in Gillette, Wyoming, a distance from this court of approximately 141 miles, which the court does not find to be considerable or prohibitive for the purpose of joinder. See id. at p. 15. The remaining 10 individuals definitely or possibly live either in Rapid City or Hermosa, South Dakota. Id. These individuals are not geographically dispersed–a factor weighing against class certification. The value of the claims for severance pay of the remaining 11 individuals range from $99,975 to $2,996. Id. Although some of the claims are small, joinder of all 157 individuals will ensure plaintiffs have sufficient resources and presence to litigate against a corporate defendant. Joinder will also ensure judicial efficiency and avoid the multiplication of actions. Sanft, 214 F.R.D. at 526 (noting because the identities of all potential class members are known and the vast majority of class members are located within the district, multiplicity of

7

actions is avoided by joinder). Further, whether defendant intends to file a motion to sever plaintiffs' claims is irrelevant to the class certification issue. Finally, the court is aware of no authority, nor did plaintiffs cite to any authority, suggesting the impact on attorneys' fees is a consideration relevant to the class certification issue.

The unique procedural posture of this case prevents comparison with most cases in this and other circuits. The court found few cases where the vast majority of the members of the putative class have already been joined as plaintiffs. One such case is Joshlin v. Gannett River States Pub. Corp., 152 F.R.D. 577 (E.D. Ark. 1993). In Joshlin, the district court denied class certification on multiple grounds. Id. at 578-79. In part, the district court held plaintiffs could not satisfy the numerosity requirement because the entire class, all 95 members, were named as plaintiffs. As the court explained, "[p]laintiffs themselves proceed as if joinder of all potential members of the class is not impracticable, because each of the 95 potential class members is actually named as a [p]laintiff." Id. at 579. In Daigle v. Shell Oil Co., 133 F.R.D. 600 (D. Colo. 1990), the district court declined to certify a class because, in part, plaintiffs failed to satisfy the numerosity requirement. Id. at 603. The court found joinder was practical because "all or nearly all of those who are interested in becoming plaintiffs already have joined in the action and have been deposed by the defendants." Id.

Just as in Joshlin and Daigle, plaintiffs here have proceeded as if joinder is practical because approximately 93 percent of the putative class have

already been joined as plaintiffs.  The only issue is whether joining the remaining 11 members of the putative class is extremely difficult or inconvenient.  The court finds it is not.  Class certification is not appropriate in this case as plaintiffs failed to meet the requirement of Rule 23(a)(1).  See Gries v. Standard Ready Mix Concrete, L.L.C., 252 F.R.D. 479, 488 (N.D. Iowa 2008) (noting the court need not consider the remaining requirements of Rule 23 because plaintiffs failed to satisfy the numerosity requirement).  The court previously granted leave to the parties to amend the pleadings and to join additional parties within fifteen (15) days of this order.  (Docket 37).  If additional time is needed, upon timely motion, leave will be freely given to amend the complaint to add any of the remaining 11 individuals as parties to this action.

## CONCLUSION

In accord with the above discussion, it is hereby

ORDERED that plaintiffs' motion for class certification (Docket 18) is denied.

Dated March 30, 2011.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

9